## Case No. 561b.

ARNOLD v. PETTEE.

[3 App. Com'r Pat. 353.]

Circuit Court, District of Columbia. Aug. 3, 1860.

PATENTS FOR INVENTIONS—INTERFERENCE—APPEAL—FOLDING ENVELOPES.

[1. A decision of the commissioner of patents that the manner of folding and fastening the sides of an envelope upon the back is not patentable cannot be reviewed on appeal when the evidence submitted does not bear directly upon that point.]

[2. Where a claim for the manner of folding an envelope is embraced in a claim for the form of the envelope, which is rejected for want of novelty, the former claim becomes too broad for the invention, and should be restricted by amendment before the claimant can have the matter considered on appeal.]

[3. The manner of folding and pasting the sides of an envelope, being merely a matter of neatness of finish, which would be obvious to any one engaged in the manufacture of envelopes, is not patentable.]

At chambers. On appeal [by James G. Arnold] from the decision of the commissioner of patents in the matter of an interference between claim of Jas. G. Arnold and patent of S. E. Pettee for an improved envelope for letters, &c. [Affirmed.]

MERRICK, Circuit Judge. The questions both of law and fact presented by the pending appeal are simple, and lie within a very narrow compass. The invention in dispute is an improved form of letter envelope, cut in such manner as to make the least possible waste of material, and which is so folded as to present the utmost neatness of finish. Upon the question of priority of invention raised by the second reason of appeal, I am quite satisfied from a careful perusal of the testimony that, while the applicant shows by his witnesses—Arnold, Earle, and another—that he produced and exhibited to them the form of envelope in dispute in the months of May and July, 1856, and later, the patentee proves by the testimony of Cobb (interrogatory 7, 11, 12, 15) and of Ellis (11, 13, 45, 46, & 55) that he had produced and exhibited the same form of envelope in March and April preceding. I think, therefore, there is no error in the ruling of the office upon that point.

The fourth reason of appeal is not specific enough to raise any question for my decision under the provisions of the 11th section of the act of 1838. The first and third reasons of appeal present the same question, to wit: that the office has erred in determining that the manner of folding and fastening the sides of the envelope to the back, irrespective of the form of envelope, is not a patentable subject. Supposing this position to be true, it could not avail the appellant for two reasons; he has not proved any precise fact touching the manner of folding as claimed, by either of his witnesses. Their attention is entirely directed throughout the questions and answers to the form of envelope and nothing can be gathered from their testimony, except from mere conjecture as to the manner of the fold. Indeed, it may be safely said that no idea on that subject seems to have been present during their examination. In the second place, the claim for the folding being embraced in that for the form of envelope and the latter being decided against him, the claim is vicious, as being broader than the invention, and should have been restricted by an amendment in their proper limits. But, apart from these considerations, I entirely agree with the commissioner that the inventive faculty is not brought into action by folding and pasting the sides down upon the back or the back down upon the sides. It is mere matter of neatness of finish, and would be obvious to any one engaged in that business. It would moreover be an unwarrantable restriction upon the rights of the prior patentee to hold that he had not the right to use his own patented envelope in any mode in which it was reasonably susceptible of being used. Upon the whole case I am clearly of opinion that there is no ground to disturb the title of the patentee upon any of the reasons of appeal filed. And were it otherwise I should feel myself constrained upon such a state of the case as is presented by this record to certify the case back to the commissioner, with instructions to proceed further to enquire whether the party had not forfeited any prior claim he might have had by abstaining to prosecute it for a period of three years and ten months after he had made it known to others, and he, too, a solicitor of patents by profession, and having actual as well as constructive knowledge of the measure of diligence imposed by the law in such cases upon inventors. Now, therefore, I hereby certify to the Hon. Philip F. Thomas, commissioner of patents, that having assigned the 25 of July for hearing said appeal, and having at request of both parties, adjourned the same to the first of August, I have heard them both by counsel, and considered the decision of office and the reasons of appeal, the response to those reasons, together with the testimony and all the other papers, and, finding no error in the judgment of the office upon any point presented by the reasons of appeal, the same is affirmed, and a patent is finally refused to Jas. G. Arnold.